IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VALARY WARD**                                                                                                    **PLAINTIFF**

v.                                               **Case No. 4:24-cv-00360-LPR**

**ARKANSAS CHILDREN'S HOSPITAL, et al.**                                             **DEFENDANTS**

## ORDER

On January 17, 2025, the Court issued an Order concerning Defendants' Motion for Sanctions.[1] In the Order, the Court directed Ms. Ward to (1) respond to Defendants' Motion for Sanctions, and (2) show cause why she did not violate Federal Rule of Civil Procedure 11 and why the Court should not impose sanctions against her. Ms. Ward was required to respond by February 5, 2025. Ms. Ward has not responded.[2] Given Ms. Ward's failure to respond, the Court assumes (and finds) that the allegations contained within Defendants' Brief in Support of the Motion to Strike are true.[3] Based on those allegations and on the Court's January 17, 2025 Order, the Court concludes that Ms. Ward violated Federal Rule of Civil Procedure 11(b)(2) by filing a Complaint that includes frivolous claims. At the time she filed her Complaint, it was 100% obvious that none of the claims presented therein were viable—in light of preclusion principles and the applicable statutes of limitations. The Court further concludes that Ms. Ward violated Federal Rule of Civil Procedure 11(b)(1) because her Complaint was filed for an improper purpose. Ms. Ward has shown a pattern of harassing some of the named Defendants as set out on pages 2 and 3 of

---

[1] *See* Order (Doc. 15).

[2] A copy of the Court's Order was mailed to Ms. Ward. But the copy was returned as undeliverable. *See* Mail Returned Undeliverable (Doc. 16). As a party in this case, Ms. Ward has a duty to inform the Court of any changes to her mailing address. Ms. Ward is therefore fully responsible for her failure to respond to the Court's Order.

[3] *See* Br. in Supp. of Mot. to Strike (Doc. 8).

Defendants' Brief in Support of the Motion for Sanctions.[4]  Based on the prior messages described in that Brief and Ms. Ward's clearly frivolous Complaint in the instant case, the Court concludes that Ms. Ward filed her Complaint for the purpose of harassing Defendants.

Pursuant to Federal Rule of Civil Procedure 11(c)(3), the Court imposes the following sanctions against Ms. Ward for violating Federal Rule of Civil Procedure 11.  First, Ms. Ward must pay a monetary sanction of $500.  This monetary sanction is immediately due and payable.  Ms. Ward must pay this amount to the Clerk of Court within 21 days of the date of this Order.  Second, Ms. Ward must pay Defendants' reasonable expenses, including attorneys' fees, associated with moving to dismiss the instant case and moving for sanctions in the instant case.  Defendants are directed to provide the Court, within seven days, a proposed order (and supporting affidavit) identifying the reasonable expenses (including attorneys' fees) it incurred moving to dismiss the instant case and moving for sanctions in the instant case.[5]

IT IS SO ORDERED this 27th day of February 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] *Id.* at 2–3.

[5] The Court imposes these sanctions on its own under Federal Rule of Civil Procedure 11(c)(3).  As far as Defendants' Motion to Strike is concerned, the Court DENIES the Motion as moot since the Court is providing Defendants their requested relief *sua sponte*.  Mot. to Strike (Doc. 7).